BRADLEY, Judge.
This appeal arises out of the denial of a rule 65.1, Alabama Rules of Civil Procedure, motion to enforce the liability of a surety on a supersedeas bond.
On March 11,1981 the State of Alabama, Department of Revenue (State) entered a final assessment of delinquent state and county sales taxes against taxpayer, “Tab” Chandler, in the respective amounts of $44,128.80 and $548.59. On April 22, 1981 a final assessment was entered against taxpayer for delinquent city sales tax in the amount of $2,507.11.
Within thirty days from the dates of the final assessments, taxpayer appealed to the Circuit Court of Cherokee County and duly filed with the circuit clerk supersedeas bonds for twice the amount of the taxes. § 40-2-22, Code 1975. Mr. and Mrs. Day signed the bonds as sureties.
On March 4, 1982 the Circuit Court of Cherokee County affirmed the final assessments of state, county, and city sales tax against taxpayer. Subsequently, the Department of Revenue attempted to collect the taxes from taxpayer, the sureties, and the clerk of the circuit court. After these attempts proved unsuccessful the Department of Revenue filed a motion under A.R. Civ.P. 65.1 to enforce liability of surety on *1304 August 31, 1983. The court was asked to dismiss the motion.
After both sides filed briefs the court entered an order on February 21, 1984 denying the motion and holding that the State must bring a separate action against the sureties to hold them liable on the bonds. From this ruling the State appeals.
The dispositive issue on appeal is whether a supersedeas bond posted under § 40-2-22 may be enforced against its sureties on motion in the same case in which the bond was made, or whether a new and independent action must be brought.
It is first necessary to determine whether a rule 65.1 motion is proper in this case. Section 40-2-22 is authority for the procedure to be followed when an appeal is taken from a final tax assessment. A taxpayer can file an appeal and either pay the tax that has been assessed against him or file a supersedeas bond in double the amount of the taxes. The statute does not provide for enforcement of the bond.
Although a proceeding may be controlled by statute, as in this case, the Alabama Rules of Civil Procedure will apply to the extent that the statute does not provide for certain matters. Rule 81(a)(32), A.R.Civ.P. Rule 65.1 provides that, “Whenever these rules require or permit the giving of security by a party,” the liability of a surety “may be enforced on motion without the necessity of an independent action.” See also Churchill v. Board of Trustees, 409 So.2d 1382 (Ala.1982); Alabama Cablevision Co. v. League, 416 So.2d 433 (Ala.Civ. App.1982). Rule 62(d), A.R.Civ.P., specifically allows an appellant to obtain a stay from a judgment by filing a supersedeas bond; thus, it permits “the giving of security by a party,” and is within the purview of rule 65.1.
In the instant case the applicable statute, section 40-2-22, provides for the procedure for an appeal from a final tax assessment. However, there is no statutory procedure in Alabama to provide for the enforcement of a supersedeas bond or the liability of a surety. Since there is no specific statutory procedure, it follows that the Alabama Rules of Civil Procedure apply, and, in particular, rule 65;1.
The Alabama version of rule 65.1 is patterned after the federal version.
“The importance of Rule 65.1 is that it permits the liability of a surety to be enforced through an expeditious, summary procedure without the necessity of an independent action. On the other hand, the rule is permissive and does not prohibit the bringing of an independent action against the surety, ....
“... Moreover, if the litigant’s motion for a summary proceeding is timely, it is an abuse of discretion for the trial court to dismiss the motion, particularly when it results in a loss of the convenience and expediency Rule 65.1 is designed to provide.
“Rule 65.1 provides that if the motion procedure is chosen to enforce a surety’s liability, the motion and such notice ‘as the court prescribes may be served on the clerk of the court [who is appointed the surety’s agent for this purpose by the posting of the security], who shall forthwith mail copies to the sureties if their addresses are known.’ When notice is not given, the court, on its own motion, should vacate a judgment against the surety.”
11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2972 (1973) (brackets theirs, emphasis ours, footnotes omitted).
In the case at bar the State attempted to collect on the final judgments entered by the circuit court but was unsuccessful. Subsequently, the State filed a motion to enforce the liability of the sureties but the motion was denied. There was evidence that notice of the motion was served on the clerk of the court as required under the rules.
Taxpayer argues that the trial court has the right to choose the avenue of relief in this type case rather than the party seeking enforcement of its judgment. We disagree. As noted from the above quoted material from 11 C. Wright & A. Miller, *1305 Federal Practice and Procedure, it is the litigant’s choice to file a motion to enforce the surety bond or to file an independent action. Further, once the litigant exercises its choice and files a motion, it is an abuse of discretion for the trial court to dismiss the motion, particularly when such action would result in a loss of expediency and convenience, for which rule 65.1 was designed to provide.
It is clear that a rule 65.1 motion would be more convenient and expedient in this situation than an independent action. Hence we conclude that the trial court abused its discretion in overruling said motion.
A second issue has been raised as to whether the order entered by the trial court on February 21, 1984 denying the State’s motion was a final judgment. It is argued that it was not a final order but was merely interlocutory, and that the appeal should be dismissed. Further contention is made that in the event it was a final order rule 54(b), A.R.Civ.P., was not complied with.
These arguments are not well taken. We adhere to the well-established principle that only final judgments are appealable. Rule 54, A.R.Civ.P.
In the instant case taxpayer was deemed liable for the taxes assessed, and he did not appeal this decision. The State thereupon sought collection of this judgment by filing a motion to enforce the supersedeas bonds that had been filed. The motion was denied.
The denial of the motion to enforce the supersedeas bonds effectively terminated the State’s efforts to collect its judgment from the sureties on the bond. It was a final judgment. Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623 (Ala.1976).
We also consider the contention that rule 54(b) was not complied with is without merit. The judgment entered on February 21, 1984 will support an appeal under the provisions of rule 54(b) because the State’s motion to enforce liability of surety involved both the principal and the sureties, since the principal, Mr. Chandler, remains liable for the taxes.
The motion to dismiss the appeal is overruled. The order overruling the motion to enforce the liability of the parties to the supersedeas bond is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.