MURDOCK, Justice
(concurring specially).
I agree with the main opinion. I write separately first to offer in Part A below a rationale for the main opinion and for the authorities upon which it relies. Part B of this writing consists of additional authority and reasons in support of our holding today. Finally, in Part C, I comment upon the necessarily synonymous nature of finality for purposes of execution and finality for purposes of appeal.
A.
A court’s authority to make a decision and the correctness of that decision are two different things. The authority to make a decision is not dependent upon the making of a correct decision. A court with *495 authority to decide may err, but, unless the error is recognized and addressed pursuant to applicable procedures, including any temporal restrictions that are part of those procedures, the court’s decision will stand.
Under our Rules of Appellate Procedure, the trial court is specifically given the authority to make an “express[ ] determination” as to whether there is any “just reason for delay” in making final an order that adjudicates at least one of, but less than all, the claims in an action. Rule 54(b), Ala. R. Civ. P. The trial court may make a “correct” decision or an “erroneous” decision but, unless determined to be erroneous and reversed in accordance with established appellate procedures, the decision it makes will stand. This is the nature of the authority to decide.
In most cases, the grant of authority to a trial court to decide if there is “no just reason for delay” translates to a grant of authority to decide whether the claim being adjudicated is “so closely intertwined” with a claim that will remain pending “ ‘that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” See, e.g., Highlands of Lay, LLC v. Murphree, 101 So.3d 206, 208 (Ala.2012) (quoting Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263 (Ala.2010)), and the cases cited therein. This is a decision that requires the trial court to carefully assess the factual, as well as legal, issues involved in the respective claims and likewise assess the risk of inconsistent results if those claims are adjudicated separately. Id. Although it is a decision susceptible to judicial review for error, it is still a decision committed in the first place to the authority of the trial court.
If, then, a determination as to whether there is or is not a “just reason for delay” is one that is within the authority of the trial court, a decision by that court as to that issue is not “invalid and void” in the same way a decision is void when it is made in a circumstance in which the trial court has no authority to make it. The dissent is incorrect, therefore, to suggest that a trial court’s determination as to whether there is any “just reason for delay” is “invalid” or “void.” It may be incorrect and subject to reversal, but it is a decision that is within the power of the trial court to make, at least under the predicate circumstances described in Rule 54(b), i.e., where more than one claim is presented and the trial court has adjudicated the entirety of at least one of, but less than all, those claims.[5]
Professor Moore explains that it is a judgment “entered under the authority of *496 Rule 54(b)” that “begins the running of time to appeal.” 10 James William Moore Moore’s Federal Practice § 54.26[1] (3d ed.2012). Under such circumstances, according to Professor Moore, “[a]n aggrieved party must appeal a Rule 54(b) judgment within the time permitted by Appellate Rule 4(a) and may not seek review of the judgment after the remaining claims have been adjudicated.” Id. Even more specifically, Professor Moore explains without equivocation as follows:
“A Rule 54(b) judgment begins the running of the time to appeal regardless of the propriety of the entry of that judgment. In other words, whether or not the court abused its discretion in entering judgment is irrelevant to the parties’ obligation to timely appeal.”
Id. (emphasis added).
It is true that this Court and the Court of Civil Appeals repeatedly have acted ex mero motu when we or they have perceived error by the trial court in its decision that there was no “just reason for delay.” See, e.g., Hammock v. Wal-Mart Stores, Inc., 8 So.3d 939 (Ala.2008); Watson v. Life Ins. Co. of Alabama, 74 So.3d 470 (Ala.Civ.App.2011). We have done so, however, because error by the trial court as to that decision would have meant that the underlying judgment presented on appeal could not in fact properly be considered final for purposes of its appealability. That is, we have found it necessary to address the “no just reason for delay” determination by the trial court, despite the absence of appropriate arguments in the briefs concerning it, because error in that determination would have implicated the jurisdiction of the appellate court to assess the merits of the underlying substantive judgment presented in the case. In those cases where we have reversed the trial court’s “no just reason for delay” decision, we have never held that that decision — although in error — was beyond the authority or the jurisdiction of the trial court. To the contrary, when we have found fault with that decision, we have done so on its merits and not on the ground that the decision was void. We have been able to review the “no just reason for delay” decision itself, on its merits, in each case because in each case that decision itself has been brought within the “bosom” of the appellate court in a timely manner, i.e., within the 42 day days from the entry of that decision itself.[6]
Our opinions to date and those of the Court of Civil Appeals, discussed in Part B below, therefore reflect the quintessentially and uniquely final nature of a Rule 54(b) decision, a decision that not only is intended as the final word of the trial court as to the claim it addresses but is in fact the act that imparts finality to an otherwise nonfi-nal adjudication of that claim. Ultimately, these opinions are entirely consistent with the fact that this is a determination within the authority of the trial court, and moreover is one that contemplates no further action on the part of the trial court and that, therefore, is properly treated as a final judgment in and of itself.[7] It is for *497 this reason that the determination that there is no just reason for delay and that the underlying judgment should be final must be appealed, if at all, within the 42-day period for appealing final judgments prescribed by our rules.
B.
The well respected treatise, Federal Practice and Procedure, explains as follows:
“The various purposes that may prompt entry of judgment under Rule 54-(b) all suggest that the right to review should be lost if appeal is not taken within the ordinary appeal time rules as measured from the entry of judgment. Only this rule can achieve repose for a defendant, support prompt execution, and effectuate a purpose to conduct further proceedings with the knowledge that some matters are finally resolved or instead must be dealt with anew in light of the views of the court of appeals. And so it has been held that the right to review is lost.”
15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.7 (2d ed.1992) (emphasis added; footnote omitted). The same treatise further states:
“[Rule 54] does not require that a judgment be entered when the court disposes of one or more claims or terminates the action as to one or more parties. Rather, it gives the court discretion to enter a final judgment in these circumstances and it provides much-needed certainty in determining when a final and appealable judgment has been entered....
“The requirement in Rule 54(b) that the court make an express determination that there is no just reason for delaying the review of a judgment on fewer than all of the claims or involving fewer than all of the parties in an action eliminates any doubt whether an immediate appeal may be sought. Conversely, it makes clear when an appeal must be sought or the right to appeal will be lost, since the time for appeal begins to *498 run from the entry of an order that meets the requirements of the rule.”
10 Charles Alan Wright et al., Federal Practice and Procedure § 2654 (3d ed.1998) (emphasis added).
In Jacquot v. Rozum, 790 N.W.2d 498 (S.D.2010), the South Dakota Supreme Court reviewed the same two federal appellate decisions noted in the main opinion: Page v. Preisser, 585 F.2d 336 (8th Cir.1978), and In re Lindsay, 59 F.3d 942 (9th Cir.1995), which reach opposite results. As the main opinion notes, in Lindsay the federal court of appeals held that “‘[a] Rule 51(b) determination, right or wrong, starts the time for appeal running.’ ” 120 So.3d at 490 (quoting Lindsay, 59 F.3d at 951).
The South Dakota Supreme Court, after discussing both Page and Lindsay, concluded that the better course is to require a party seeking to challenge a Rule 54(b) order to do so by a timely appeal after the entry of that partial judgment. In so doing it specifically relied upon Lindsay and one other case, the decision of our own Court of Civil Appeals in Allen v. Briggs, 60 So.3d 899 (Ala.Civ.App.2010), quoting much of the passage from Allen that appears in the main opinion. See 120 So.3d at 489. I find both Allen and the decision of the South Dakota Supreme Court to be well reasoned.
The dissenting opinion suggests that our “caselaw” is at odds with today’s decision. It suggests that we should adhere to “long-standing practice found in our case-law” and not “abandon our current practice.” 120 So.3d at 503. I find no reported Alabama “caselaw” at odds with our decision today, nor do I find any Alabama cases that heretofore have endorsed some “long-standing” or “current” practice different than that articulated by the main opinion today.
To the contrary, four Alabama precedents discussed in the main opinion indicate a “current” practice that is exactly what is articulated in the main opinion. Two of these decisions were rendered by this Court and articulate a clear rule fully in accord with the holding in the main opinion. See the discussion in the main opinion of Lewis v. State, 463 So.2d 154, 155 (Ala.1985) (“A judgment certified by a trial court pursuant to Rule 54(b) is a final appealable judgment; the certification triggers the running of the 42-day appeal period.”), and Bagley v. Mazda Motor Corp., 864 So.2d 301, 317 (Ala.2003) (“The Bagleys’ notice of appeal, filed ... almost four years after the partial summary judgment was last certified as final, is untimely as to that partial summary judgment and the Bagleys’ appeal from that partial judgment is dismissed.”). 120 So.3d at 493.
Moreover, two other Alabama appellate court opinions have expressly addressed challenges to the propriety of the Rule 54(b) certification itself and have held that the appellate court can address that issue only in the context of an appeal brought within 42 days of the certification. See Allen v. Briggs, 60 So.3d at 903 (“Although Allen argues on appeal that a Rule 5k(b) certification was not proper in this case, we have held that he is precluded from raising that issue now, because, insofar as his appeal is from the summary-judgment order, his appeal comes too late, having been filed more than 42 days after the entry of the summary-judgment order on July 31, 2009.” (emphasis added)); Lary v. Gardener, 908 So.2d 955, 957 n. 1 (Ala.Civ.App.2005) (“Although Lary has asserted in his briefs to this court that [the certified] judgment, and the direction of the entry of a final judgment pursuant to Rule 51(b), were erroneous, his challenges are untimely because he did not file a notice of appeal *499 with respect to that judgment within 42 days of its entry.” (emphasis added)).[8]
The dissent also states:
“[UJncertainty as to the finality of a certified judgment still exists despite the rule expressed in the main opinion. Although a party must now immediately challenge an improper Rule 54(b) certification by appeal, nothing prevents the trial court from later recognizing that the claims disposed in the prior judgment are intertwined with remaining claims in the case and vacating that improvident certification.”
120 So.3d at 504. I believe that both the conclusion stated at the outset of this passage and the predicate for this conclusion stated in the last sentence misread the main opinion. As to the predicate notion that “nothing prevents the trial court from later recognizing that the claims disposed are intertwined with remaining claims,” the whole point of our holding today is that the appeal must be taken from a judgment certified as final in the same way as an appeal must be taken from any other final judgment. When an appeal is not taken, that judgment becomes “final” and “res judicata” in the same sense as does any final judgment from which no appeal is taken. Having entered a final judgment finding that the adjudicated claim is not intertwined with remaining claims and that the adjudication of the claim is appropriate for certification, and no appeal having been taken from that judgment, the trial court is in fact prevented from later changing its mind and trying to undo what it has already made final. Such is the nature of a “final judgment.”
Likewise, therefore, I disagree with the conclusion stated at the outset of the above-quoted passage, i.e., that uncertainty as to the finality of a certified judgment “still exists.” The straightforward requirement that a party take an immediate appeal from a judgment certified as final under the circumstances presented in this case creates certainty, not uncertainty.
In an attempt to support its position as quoted above, the dissent further asserts in a footnote that “[t]he main opinion addresses the issue in this case in terms of a waiver” and that, “[i]f the main opinion purports to hold that an improperly certified judgment, left unchallenged, is actually final, then the trial court would lose jurisdiction over the judgment after 30 days.” 120 So.3d at 504 n. 11. The dissent adds that this approach would “foreclose” an “avenue” that should be available to the losing party.
Again, I believe the dissent misreads the main opinion. The main opinion does indeed hold that a judgment as to the entirety of one of several claims in an action that is certified as “final” under Rule 54(b) is “actually final.” That in fact is the very point of the main opinion, just as it is the point of the authorities upon which the main opinion relies. Of course, this also can be expressed as a “waiver.” When someone forgoes their right to appeal any final judgment, they can be said to have “waived” their right to appeal. Again, the straightforward requirement that a party must take an immediate appeal from a *500 judgment certified as final under the circumstances presented in this case creates certainty; it forecloses no “avenue” not foreclosed following any final, unappealed judgment.
C.
Finally, it is important to acknowledge the synonymous nature of the finality of a Rule 54(b) judgment for purposes of execution and for purposes of appeal. The purposes and effects of a Rule 54(b) certification necessarily mean that an order certified as final under Rule 54(b) is final for all the same purposes as any other judgment and, accordingly, must be viewed as being “as final” as any other final judgment. 10 Charles Alan Wright et al., Federal Practice and Procedure § 2654 (3d ed.1998), for example, states that “Rule 5Mb) also is important because of the collateral effects of a determination under the rule.” (Emphasis added.) The referenced “collateral effects” of a Rule 54(b) judgment are the same as those of any other judgment. As further explained in Federal Practice and Procedure :
“Because Rule 54(b) provides a means of rendering a final judgment on part of a multiple-claim or multiple-party action, it has an effect on various other rules or procedures connected with the rendition of judgment. For example, as was stated earlier, once there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run. Similarly, preclusion principles are based on a final judgment so that since a Rule 5Mb) order is viewed as final, it has binding effect. On the other hand, if no certificate issues, the court’s decision or order remains interlocutory and the above effects will not take place.
“Other matters that should be noted in relation to the entry of a judgment under Rule 54(b) are that it enables a lien to be imposed on the judgment debtor’s property and a writ of execution to be issued to begin the process of collecting any damage[s] award. Section 1962 of Title 28 provides that every district-court judgment shall be a lien on the property in the state in which the court is sitting, in accordance with the law of that state; state law commonly requires a judgment to be final in order to create a lien.
“Another effect of a Rule 5Mb) order is on the accrual of interest on a judgment, since interest begins to accumulate only on a judgment that has become final.”
10 Federal Practice and Procedure § 2661. Professor Moore likewise explains that a judgment certified as final under Rule 54(b) is a final judgment “for all purposes,” specifically emphasizing its finality for purposes of the “running of time to appeal,” as well as for purposes of “res judicata,” the accrual of interest and “execution.” See Moore’s Federal Practice § 54.26[1]-[4]. See also Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 728 (D.C.Cir.1969) (“[T]he role Rule 54(b) plays with reference to the finality of a judgment for purposes of appeal has implications as regards its finality for purposes of execution as well.” (footnote omitted)).
The latter authorities, including the opinion of the United States Court of Appeals for the District of Columbia in Red-ding, point to the absolute unworkability— “chaos” would be the right word in many cases — of a scenario where a judgment as to a claim is certified as final and execution ensues (so that a money judgment is collected or a judgment deed to land is delivered), only to have the losing party decide years later that he or she should not so readily have acquiesced in the certified judgment and therefore choose to appeal an already executed judgment along with *501 the judgment entered on the remainder of the claims in the case.[9] A judgment is either final or it is not. The law does not have two types of finality, one brand of finality for purposes of being able to execute upon a judgment and another brand of finality for purposes of appealability. Finality for purposes of appeal and for purposes of execution are the same. “Enforcement of a judgment by execution ... presupposes a judgment which determines with finality the rights and liabilities of the parties.” 30 Am.Jur.2d Executions, Etc. § 57 (2005). See also, e.g., 2 Federal Procedure, Lawyer Edition § 3:133 (“Since an execution ordinarily issues only upon a final judgment, finality for purposes of execution and finality for purposes of appeal should be the same.”).
A ruling by this Court that a defendant (or a plaintiff) can be told years after the entry of a judgment, certified as final by an authorized trial court order that was not appealed at the time by the opposing party, that that judgment was in fact not final and that a defendant who thought he could move on with his life may be forced back into the litigation (or that a plaintiff and the plaintiffs lawyer may be required years later to disgorge themselves of a monetary recovery, contingency fees, and expense reimbursements from a collected judgment, or to surrender land upon which construction may have since occurred) no doubt would be a source of real consternation among the bench and the bar. Insofar as Rule 54(b) is concerned, such a ruling would take the “final” out of the word “final.”

. The predicate circumstances described in Rule 54(b) were not present in Page v. Preisser, 585 F.2d 336 (8th Cir.1978), discussed in both the main opinion and the dissent. In Page, the appellate court was confronted with a situation where the trial court had attempted to certify as final not the adjudication of an entire claim, but a decision by the trial court as to the correctness of only one of several alternative "constitutional theories” proposed by the plaintiff in support of the only claim alleged in her complaint. As the Page court explained:
"In her complaint in the District Court, Page sought to have certain Iowa regulations invalidated. She asserted alternative constitutional theories in support of her argument. Her complaint, however, arose out of a single transaction and asserted only a single claim. See Edney v. Fidelity & Guaranty Life Insurance Company, supra, 348 F.2d [136] at 138 [(8th Cir.1968)]. As the Supreme Court has recently stated:
" 'Rule 54(b) ‘does not apply to a single claim action.' ”
585 F.2d at 339 (quoting Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 743, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (emphasis added)). This may point to a basis for distinguishing Page from the present case and the cases relied upon by the main opinion, see also note 9, infra, though it is not necessary to fully consider this possibility for purposes of this case.

. See generally Gollotte v. Peterbilt of Mobile, Inc., 582 So.2d 459, 463 (Ala.1991) ("The entry of a final judgment made all rulings leading up to that judgment subject to appeal, and an appeal from that judgment allows the appellant to argue on appeal any alleged error at any point in the proceedings that led to that judgment.”); Lewis v. State, 463 So.2d 154, 155 (Ala.1985) (recognizing that the 42-day period applicable to appeals from final judgments runs from the date of entry of the Rule 54(b) determination itself, not from the date of entry of the underlying judgment).

. "A final judgment has been defined by the courts as one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ " Moore’s Federal Practice § 202.02 (3d ed.2012) (quoting Catlin *497 v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1978)). See, e.g., Keith v. Truck Stops Corp., 909 F.2d 743, 746 (3d Cir.1990) ("An order substantively changing a judgment constitutes a new judgment with its own time for appeal at least where the change is the subject matter to be reviewed.”). See generally 15B Charles Alan Wright et ah, Federal Practice and Procedure § 3916 (2d ed.1992), quoting with approval from In re Farmers' Loan & Trust Co., 129 U.S. 206, 213, 9 S.Ct. 265, 32 L.Ed. 656 (1889), to explain as follows:
" '[T]he doctrine that, after a decree which disposes of a principal subject of litigation and settles the rights of the parties in regard to that matter, there may subsequently arise important matters requiring the judicial action of the court in relation to the same property, and some of the same rights litigated in the main suit, making necessary substantive and important orders and decrees in which the most material rights of the parties may be passed upon by the court, and which, when they partake of the nature of final decisions of those rights, may be appealed from, is well established by the decisions of this court.' ”
(The treatise also notes "the simple point that once the original trial proceedings have been completed, final judgment appeal should be available upon conclusion of most post-judgment proceedings” and that "[t]he finality requirement is met by orders entered after final judgment, too late or too collateral to be reviewed effectively on appeal from the final judgment, upon complete disposition of the post-judgment proceeding.") Compare State v. Chandler, 460 So.2d 1302, 1305 (Ala.Civ.App.1984) (explaining that an order denying collection of a prior judgment was itself a final, appealable judgment because it contemplated no further action by the trial court: "The denial of the motion to enforce the su-persedeas bonds effectively terminated the State's efforts to collect its judgment from the sureties on the bond. It was a final judgment.” (emphasis added)).

. Consistent with my own research, there is no mention in any of these four cases, including Allen, decided in 2010, of any precedents of this Court or of the Court of Civil Appeals ever approving of a "practice” of appellate-court review of the propriety of a Rule 54(b) certification as part of an appeal (a) that challenges subsequently entered judgments and (b) that is filed more than 42 days after the certification order. Furthermore, the only issue as to the overruling of prior precedent that exists in the present case is presented by Dr. Stephen L. Wallace, the plaintiff below, who finds it necessary to ask us to overrule Allen.

. This problem could not ensue from the certification of an order of the nature certified in Page. Where a court has merely expressed its view as to one of several elements of a claim or, as in Page, one of several alternative arguments made in support of a claim, there is no “order” or "judgment” in place capable of being relied upon or executed.