This appeal is from a judgment entered by the Circuit Court of Jefferson County on May 26, 1982, in favor of plaintiff Moore Group, Inc. (Moore) against defendant John W. Branson (Branson). We find the appeal untimely and dismiss it.
Moore filed a complaint against Branson alleging that Branson was in default on a promissory note executed to it. The complaint claimed the amount due, $41,196.44, plus an attorney's fee of $6,229.47. By answer, Branson denied the allegations of the complaint.
Moore filed a request for admission of genuineness of a document attached to the request, marked as "Exhibit A," and identified as the promissory note. Branson's response admitted the document as genuine.
Next, Moore filed a motion for summary judgment with an attached affidavit signed by its vice-president. Branson filed a motion in opposition with an attached affidavit by the bookkeeper for Branson, setting forth a genuine dispute of fact between the amount claimed by Moore and the amount shown on Branson's records. This motion for summary judgment and a subsequent motion for summary judgment were denied by the circuit court.
On January 12, 1982, Moore served on Branson interrogatories and a request for production of documents. On March 10, 1982, Moore filed motions for an order to compel answers to interrogatories and an order compelling production. Both motions were granted on March 25, 1982. Branson's attorney requested that he be allowed until April 1, 1982, to comply with the order to answer interrogatories and the order to produce. The circuit court granted the extension and a subsequent extension until April 8, 1982.
Branson filed answers to interrogatories on April 16, 1982. Five days later on April 21, 1982, Moore filed a motion for sanctions pursuant to Rule 37 (b) of Alabama Rules of Civil Procedure, stating that Branson had "failed to answer interrogatories or to produce the documents demanded by virtue of the Request for Production of Documents within 30 days." The motion further stated that the "Answers to Interrogatories . . . were evasive, incomplete and frivolous." On April 28, 1982, the motion was continued to May 12, 1982, and on May 13, 1982, the judge granted the motion and entered a default judgment in favor of plaintiff and against defendant with leave to prove damages.
On May 26, 1982, in open court, the judge heard testimony and assessed damages in favor of plaintiff and against defendant in the amount of Thirty-One Thousand Four Hundred Ninety-Two and 18/100 Dollars ($31,492.18) and costs. On September 23, 1982, Branson filed a motion to set aside the default judgment, stating that the attorney for Branson had produced all that he was able to find which responded to the request for production and that they had continually made Branson's "warehouse available to Moore's attorney for him to search through the records to determine whether there [was] anything else that he [thought responded] to the request for production." The motion further provided that, "There is nothing more that I can do to comply with the rules of civil procedure and/or specifically this request for production." On October 5, 1982, the judge overruled the motion, stating: "There being no showing that the defendant, John W. Branson, d/b/a Branson Insurance Agency, has a meritorious defense to the claim in this action, the foregoing motion to set aside default judgment is overruled." Branson filed notice of appeal on November 3, 1982, from the judgment of May 26, 1982.
Branson's notice of appeal, filed November 3, 1982, provides that appeal is taken "from the judgment dated May 26, 1982." Generally, a notice of appeal to be timely must be filed with the clerk of the trial court within forty-two days of the date of the entry of the judgment or order appealed from except in the case of certain specified orders and judgments. Ala.R.App.P. 4 (a)(1). Branson's notice of appeal, being filed more than five months after the entry of the default judgment on May 26, *Page 118 
1982, comes too late for review of the judgment. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of appellate court." Ala.R.App.P. 2 (a)(1).
Branson's motion of September 23, 1982, was filed within the time period allowed to file a motion for relief from judgment pursuant to Rule 60 (b) of the Alabama Rules of Civil Procedure. An order denying a Rule 60 (b) motion is appealable.Cockrell v. World's Finest Chocolate Co., Inc., 349 So.2d 1117,1119 (Ala. 1977). However, Branson did not appeal from the trial court's denial of his motion, but appealed from the judgment of May 26, 1982. This Court is without jurisdiction to review that judgment, and the appeal is dismissed.
APPEAL DISMISSED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., not sitting.