This is an appeal from a judgment in a suit brought under the Alabama Deceptive Trade Practices Act, Code 1975, § 8-19-1, et seq. We find the appeal to be untimely and dismiss.
The following facts are pertinent: On December 10, 1981, the State of Alabama brought suit against Jim Lewis, doing business as Job Information Directory and National Job Directory, and others who were operating a "job information service" in several Alabama cities. The state's complaint was brought under the Deceptive Trade Practices Act, Act No. 81-355, Acts 1981, now codified at Code 1975, § 8-19-1 et seq., naming several plaintiffs for whom the state acted in a representative capacity. A temporary restraining order and, subsequently, a preliminary injunction were issued prohibiting defendants from advertising or soliciting customers in Alabama and from removing assets from Alabama. Thereafter, the state amended its complaint to include approximately 3,000 of defendants' customers as additional plaintiffs and moved for summary judgment. On November 24, 1982, summary judgment was granted ordering defendants to pay damages to all plaintiffs. The state then moved to amend the judgment to include revocation of defendants' business licenses, a $2,000 fine, and attorney's fees. The defendants moved for reconsideration. On January 18, 1983, the court made a minor amendment to its November 24th summary judgment, but reserved its ruling on the license, fine, and attorney's fees issues until a later date. On March 22, 1983, defendants requested that the court certify its summary judgment as final, pursuant to Rule 54 (b), Ala.R.Civ.P., indicating that they wished to take an appeal from that judgment. On April 15, 1983, the court entered the requested 54 (b) order. On May 25, 1983, the defendants filed a "Motion for Clarification," to which the state objected, arguing that such a motion could only have been made within 30 days of the date the summary judgment was certified as final. On July 28, 1983, the court entered an order clarifying, but in no way amending, its earlier judgment as previously modified. On September 6, 1983, defendants filed notice of appeal with this Court.
The timely filing of a notice of appeal is a jurisdictional act. Snowden v. United Steelworkers of America, 435 So.2d 62
(Ala. 1983). It is the duty of this Court to take notice of the filing date of an appeal and, if finding the appeal to be untimely, to dismiss it ex mero motu. Stewart v. Younger,375 So.2d 428 (Ala. 1979). Notice of appeal must normally be filed within 42 days of the date of entry of the judgment. Branson v.Moore Group, Inc., 439 So.2d 116 (Ala. 1983). A judgment certified by a trial court pursuant to Rule 54 (b) is a final appealable judgment; the certification triggers the running of the 42-day appeal period. Posey v. Prudential *Page 156 Insurance Co. of America, 383 So.2d 849 (Ala.Civ.App.), cert.denied, 383 So.2d 851 (Ala. 1980).
While the appeal period is tolled where a post-trial motion is filed pursuant to Rules 50, 52, 55, and 59, Ala.R.Civ.P. — see Rule 4 (a)(3), Ala.R.App.P., Hayden v. Harris,437 So.2d 1283 (Ala. 1983) — such a motion must be timely, because the untimely filing of a post-trial motion does not toll the running of the 42-day appeal period. City of Talladega v.McRae, 375 So.2d 429 (Ala. 1979). In order to be timely, a post-trial motion under any of these rules must be filed notlater than 30 days after the entry of a final judgment. Rules 50 (b), 52 (b), 55 (c), and 59 (b), Ala.R.Civ.P.
In the present case, the 42-day period for taking an appeal began to run on April 15, 1983, the day the trial court certified its summary judgment as final pursuant to 54 (b).Posey, supra. Even assuming that defendants' May 25, 1983, motion entitled "Motion for Clarification" was actually a post-trial motion as anticipated by Rule 4 (a)(3), Ala.R.App.P., defendants' motion was filed more than 30 days from the entry of the final judgment on April 15. Therefore, defendants' motion would have been untimely and would not have tolled the running of the appeal period. Consequently, defendants' September 6, 1983, notice of appeal, coming almost five months after the summary judgment was certified, was untimely. Thus, the appeal must be dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.