PER CURIAM.
This case was spawned by our decision in Cofield v. McDonald’s Corp., 514 So.2d 953 (Ala.1987), wherein we affirmed the dismissal of Cofield’s complaint against McDonald’s Corporation. Cofield filed the complaint in the present case against another entity, McDonald’s CLP Corporation (“McDonald’s”), alleging essentially the same cause of action asserted in the prior case. His complaint in the instant ease was dismissed for failure to state a claim upon which relief could be granted. Co-field then sought relief pursuant to Rule 60(b), Ala.R.Civ.P. His motion was denied, and he appeals.
Although the denial of a Rule 60(b) motion is appealable, Branson v. Moore Group, Inc., 439 So.2d 116 (Ala.1983), only the denial of the motion itself is reviewable, not the correctness of the underlying judgment. Menefee v. Veal, 484 So.2d 437 (Ala.1986). This principle is a corollary to the premise that Rule 60(b) will not substitute for an appeal. City of Daphne v. Caffey, 410 So.2d 8 (Ala.1981). Moreover, a trial court’s ruling on a Rule 60(b) motion will not be disturbed unless the court abused its discretion in ruling. Ex parte Dowling, 477 So.2d 400 (Ala.1985).
Cofield argues that his complaint was dismissed in response to a motion to *145 dismiss filed by McDonald’s, but that he had never received a copy of that motion. In fact, Cofield argues that he received virtually none of the pleadings or motions filed by McDonald’s. As we understand Cofield’s argument, he maintains that the trial court should have set aside the dismissal because his failure to receive the pleadings and other documents filed against him amounted to a fraud perpetrated upon him by the defense lawyers, or otherwise indicated misconduct on their part. See Ala.R. Civ.P. 60(b)(3). We find no merit to this argument.
On the original summons, Cofield provided an address to McDonald’s. The record reveals that McDonald’s mailed each subsequent motion or pleading to the address furnished. Rule 5(b) requires no more. We note further that some of the envelopes were returned marked “Refused.” The Rule 60(b) motion appealed from contained the first complaint or utterance made regarding Cofield’s failure to receive the pleadings and motions from McDonald’s.
Under the circumstances of this case, we simply can not envision that a fraud has been perpetrated or that the defense lawyers were guilty of misconduct. Accordingly, we hold that the trial court did not abuse its discretion in denying Cofield’s motion. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.