PER CURIAM.
This case is an attempt to relitigate an earlier action, filed by Appellant Cofield. Cofield v. McDonalds CLP Corp., 535 So.2d 144 (Ala.1988). In that case, Cofield argued that his complaint against Mc-Donalds CLP Corporation had been dismissed based on a motion to dismiss that Cofield asserted that he had not received in the mail. Id., at 145.
In that case Cofield claimed that the defendants were guilty of fraud or misconduct. This Court wrote, “[W]e simply cannot envision that a fraud has been perpetrated or that the defense lawyers were guilty of misconduct.” Id., at 145.
Once again, Cofield is before this Court seeking damages for an alleged fraud or misconduct perpetrated by the same defendants resulting from Cofield’s alleged failure to receive the motion of McDonalds to dismiss Cofield’s complaint referred to in the above cited case. The trial court noted in its order granting the defendant’s motion to dismiss this cause with prejudice that the factual issues presented had been decided in the earlier action. Cofield then sought relief pursuant to Rule 60(b), Ala.R. Civ.P. His motion was denied, and he appeals.
We need not discuss the deficiencies of appellant’s complaint. He is representing himself. It should suffice to say that if ever this Court has been faced with a case that clearly demonstrates the doctrine of res judicata, then this case is it. The essential elements of res judicata are: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978). If these essential *112 elements are met, any issue that was or could have been adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977). In this action, Co-field filed a complaint against the same defendants he had sued in Cofield v. Mc-Donalds CLP Corp., supra. Likewise, Co-field’s complaint contains the same allegation of fraud or misconduct that he had asserted in Cofield v. McDonalds CLP Corp., supra. Having concluded that this action is barred by the doctrine of res judicata, we find it unnecessary to address Cofield’s arguments.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.