LYONS, Justice.
Dillie Pritchett, her three daughters, and her son (“the Pritchetts”) sued Booker T. Washington Insurance Company doing business as Zion Memorial Gardens (“Washington”), alleging that on July 29, 1979, Dillie Pritchett had contracted with Washington to provide for the burial of her husband, Oscar Pritchett (“the decedent”); that on or about November 18, 1995, Washington negligently performed the burial of the decedent; that “the failure on the part of the Defendant to provide proper burial services constituted a material breach of the contractual agreement between the Defendant and ... Dillie Pritch-ett”; that “the recklessness with which Defendant performed the burial services [for the decedent] constituted intentional infliction of emotional distress”; and that the Pritchetts suffered “humiliation, mental anguish and severe emotional distress as a result of the negligent and/or wanton manner in which Defendant performed the burial services.” They also made allegations against fictitiously named defendants.
Washington moved for a summary judgment, alleging that the Pritchetts’ claims really were against the operator of Zion Memorial Gardens and that Zion Memorial *1158 Gardens was owned and operated by New Grace Hill Cemetery, Inc. The Pritchetts then moved to substitute New Grace Hill Cemetery, Inc., doing business as Zion Memorial Gardens (“New Grace Hill”), for one of the fictitiously named defendants. Thereafter, on October 2, 1997, the trial court entered a summary judgment in favor of Washington and granted the Pritch-etts’ motion to substitute New Grace Hill for the fictitiously named defendant.
After the parties had conducted discovery, New Grace Hill moved for a summary judgment on what it described as the Pritchetts’ “breach of contract, outrage, and negligent/wanton burial” claims. The Pritchetts opposed the motion, claiming that a genuine issue as to material facts existed. The case was set for trial on September 13, 1999; however, the trial court, on September 9, 1999, four days before the date set for trial, entered a partial summary judgment in favor of New Grace Hill on “all claims of emotional distress and outrage.” On September 15, 1999, the trial court entered an order purporting to make final, pursuant to Rule 54(b), Ala.R.Civ.P., the September 9, 1999, partial summary judgment in favor of New Grace Hill, and its summary judgment in favor of Washington entered on October 2, 1997, almost two years earlier. The Pritchetts appealed from the order of September 15, 1999. We transferred the appeal to the Court of Civil Appeals, pursuant to § 12-2-7(6), Ala.Code 1975.
The Court of Civil Appeals remanded the case to allow the trial court 21 days to consider entering an order stating the factual or legal reasons why an immediate appellate review was necessary, as the Court of Civil Appeals then required under Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). The trial court declined to alter its previous order and, after the expiration of 21 days, the Court of Civil Appeals, on January 6, 2000, dismissed the appeal, without an opinion. Pritchett v. Booker T. Washington Ins. Co. (No. 2990044), 790 So.2d 372 (Ala.Civ.App.2000) (table). We granted the Pritchetts’ petition for certiorari review. We reverse the judgment of the Court of Civil Appeals dismissing the Pritchetts’ appeal and remand the case for that court to consider the merits of their appeal.
The trial court’s order of September 15, 1999, stated:
“The order[s] entered 10/2/97 and 9/9/99 are amended to make said judgments final pursuant to Rule [54(b), Ala.R.Civ.P.] There being no just reason for delay, in accordance] with Rule 1, [Ala.R.Civ.P.], pursuant to ‘Judicial Economy’ [fjinal summary judgment is rendered as to defendant Booker T. Washington Insurance Company. Final summary judgment is rendered as to defendant New Grace Hill d/b/a Zion Memorial Gardens, as to the claims of emotional distress and outrage.... Any and all cost[s] incident thereto are taxed to the plaintiff.”
In Brown v. Whitaker Contracting Corp., the Court of Civil Appeals held that a trial judge making a Rule 54(b) certification of finality must, in addition to making a finding that “there is no just reason for delay,” also state the reasons it finds “no just reason for delay.” Thereafter, the Court of Civil Appeals routinely remanded cases that did not meet the level of specificity required by Brown.
This Court recently reviewed Rule 54(b) in Schneider National Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala.2000). Justice Houston stated in that case:
“The pertinent portion of Rule 54(b) provides:
“ ‘[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer *1159 than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’
[[Image here]]
“... Nonetheless, the better practice is for the trial court’s order to speak to the point [inadequacy of reason for delay] directly. Nothing in Rule 54(b) requires findings to buttress the conclusion ‘that there is no just reason for delay.’ All that is required is an ‘express determination.’ Therefore, the trial court’s November 9, 1998, summary-judgment order was a final judgment pursuant to Rule 54(b).”
776 So.2d at 754-56 (emphasis in the quotation from Rule 54(b) provided in Schneider National Carriers, Inc.; other emphasis added) (footnotes omitted).
In a footnote to the statement that only an “express determination” is required, Justice Houston acknowledged the holding of Brown v. Whitaker Contracting Corp. and then stated:
“Rule 54(b) does not require a trial court to list the factors it considered in finding that there is no just reason for delay. To the extent that Brown conflicts with Rule 54(b), Broum is overruled.”
Schneider National Carriers, Inc., 776 So.2d at 756 n. 3.
The Court of Civil Appeals did not have the benefit of this Court’s recent opinion in Schneider National Carriers, Inc., overruling Brown v. Whitaker Contracting Corp., when it dismissed the Pritchetts’ appeal. The trial court’s order in this case is clearly sufficient under Schneider National Carriers, Inc. If we had denied the Pritchetts’ petition for certiorari review in this present case, and, after the trial court entered an order disposing of all claims in the Pritchetts’ action, the Pritchetts had appealed from the orders of October 2, 1997, and September 9, 1999, the Pritch-etts would face the prospect of having their appeal dismissed as untimely. We avoid such a manifest injustice by reversing the judgment of the Court of Civil Appeals dismissing the Pritchetts’ appeal, and remanding the cause for that court to consider the merits of the appeal.
REVERSED AND REMANDED.*
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ„ concur.

 Note from the reporter of decisions: On March 30, 2001, on remand from the Supreme Court, the Court of Civil Appeals affirmed, without opinion. On May 18, 2001, that court denied rehearing, without opinion. On August 31, 2001, the Supreme Court denied certiorari review, without opinion (1001593).