WISE, Justice.
Dr. Stephen L. Wallace, the plaintiff/counterclaim-defendant below, appeals from a summary judgment of the Jefferson Circuit Court in favor of Belleview Properties Corporation, IPF/Belleview Limited Partnership (“IPF”), HR/Belleview, L.P., and Infinity Property Management Corporation (hereinafter referred to collectively as “the defendants”). We dismiss the appeal.

Facts and Procedural History

In August 1991, Wallace leased office space in the Belleview Shopping Center in Fairfield, Alabama, to use for his dental practice. Around 1996, the defendants purchased the shopping center and renewed Wallace’s lease. The lease was renewed a second time in 2003 for a term of five years.
On December 22, 2005, Wallace sued the defendants,[1] alleging fraud and suppression; negligence; wantonness; breach of contract; unjust enrichment; and negligent training, supervision, and retention. Wallace alleged that, during the term of the lease, he reported various maintenance problems to the defendants. He also alleged that, although the defendants assured him that the problems would be taken care of, they were not. Wallace asserted that, as a result of reported water leaks that were left unrepaired, the office was infested with toxic mold. Therefore, he asserted, in April 2005, he closed his practice to avoid exposing his employees and his patients to .the toxic mold.
The defendants filed answers to the complaint and asserted affirmative defenses. Also, IPF filed a counterclaim alleging breach of contract, essentially seeking unpaid rent. Wallace answered the counterclaim, alleging that he was constructively evicted from the premises because of the mold infestation and asserting defenses to IPF’s counterclaim.
On August 28, 2009, the defendants filed a motion for a summary judgment as to Wallace’s claims against them. On September 11, 2009, IPF filed a motion for a summary judgment on its counterclaim against Wallace. On January 20, 2010, the trial court conducted a hearing on the motions for a summary judgment.
On January 27, 2010, the trial court entered an order granting the defendants’ motion for a summary judgment as to Wallace’s claims against them. The trial court certified the judgment as to all claims filed by Wallace as final pursuant to Rule 54(b), Ala. R. Civ. P.[2] Finally, it stated that it was taking IPF’s motion for a summary judgment as to its counterclaim under advisement.
On February 11, 2010, Wallace filed a motion asking the trial court to reconsider or vacate its January 27, 2010, order and to set the matter for a hearing. The defendants filed a motion in opposition to *487 Wallace’s motion. The trial court conducted a hearing on the motion on April 27, 2010. On December 15, 2010, the trial court conducted a hearing on IPF’s motion for a summary judgment on its counterclaim against Wallace. On December 27, 2010, the trial court denied the motion for a summary judgment on the counterclaim, explaining as follows: “The Court is of the opinion that this case should be tried and heard because the Court notes that there is a serious question of constructive eviction and promissory estoppel as a defense of the plaintiff to said counterclaim.” In that order, the trial court also stated: “Any other motions are hereby overruled and denied.” On February 14, 2011, Wallace filed a request for clarification of the December 27, 2010, order.
During a hearing on March 21, 2011, counsel for IPF specifically asked that the counterclaim be dismissed. As a result, on March 21, 2011, the trial court entered a final order of dismissal in the ease. Wallace filed a notice of appeal to this Court on May 2, 2011.

Discussion

In his notice of appeal and in the statement of jurisdiction in his brief to this Court, Wallace purports to appeal from the trial court’s March 21, 2011, final order of dismissal. However, he categorizes his arguments as follows in his brief to this Court:
1. “The trial court’s order granting partial summary judgment was in error because genuine issues of material fact exist.”
2. “The trial court’s December 27, 2010, order denying relief under Rule 60 was an abuse of discretion.”
3. “The Trial Court’s Rule 54(b) certification was ineffective or, in the alternative, the rule adopted in Allen v. Briggs, 60 So.3d 899 (Ala.Civ.App.2010), should be overturned or modified based on the facts of this case.”
Also, in the summary of the argument portion of his brief to this Court, Wallace states: “This appeal is filed to challenge an erroneous grant of summary judgment, denial of a Rule 60 motion, and an improper and ineffective Rule 54(b) certification.” Therefore, it is clear that Wallace is challenging the summary judgment the trial court entered in favor of the defendants on January 27, 2010, and the denial of his motion for reconsideration, rather than the trial court’s March 21, 2011, final order of dismissal.
The defendants argue that this Court should dismiss this appeal as untimely. Specifically, they contend that the notice of appeal was filed more than 42 days after the trial court certified the summary judgment on Wallace’s claims against them as final pursuant to Rule 54(b). The defendants also assert that, if Wallace’s motion to reconsider was filed pursuant to Rule 59, it was denied by operation of law after 90 days, and the notice of appeal was not filed within 42 days after that denial. Finally, they allege that, if Wallace’s motion to reconsider was filed pursuant to Rule 60(b), it was denied on December 27, 2010, and the notice of appeal was not filed within 42 days after that date. We agree with the defendants that Wallace’s appeal is untimely.
With regard to when an appeal should be taken, Rule 4(a)(1), Ala. R.App. P., provides:
“Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.... ”
*488 With regard to tolling the time for filing a notice of appeal, Rule 4(a)(3), Ala. R.App. P., provides:
“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ([Ala. R. Civ.P.]) shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”
With regard to postjudgment motions in civil cases, Rule 59, Ala. R. Civ. P., provides, in relevant part:
“(e) Motion to Alter, Amend, or Vacate a Judgment. A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment.”
Finally, Rule 59.1, Ala. R. Civ. P., provides:
“No postjudgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
As the defendants note, Wallace clearly filed his notice of appeal more than 42 days after the trial court certified the summary judgment in their favor as final pursuant to Rule 54(b) on January 27, 2010. However, on February 11, 2010, Wallace filed a motion asking the trial court to reconsider or vacate its January 27, 2010, order. If that motion is considered a post-judgment motion to alter, amend, or vacate filed pursuant to Rule 59, it was denied by operation of law 90 days after it was filed, because the trial court did not rule on it within 90 days and the time for ruling on it was not extended. Wallace did not file his notice of appeal within 42 days after the date the motion was denied by operation of law. Therefore, if the motion to reconsider was a postjudgment motion filed pursuant to Rule 59, Wallace’s appeal is not timely.
Wallace argues that his post-judgment motion to reconsider was filed pursuant to Rule 60(b), rather than Rule 59, because, he says, he sought relief as the result of mistake, inadvertence, surprise, or excusable neglect. If the motion was filed pursuant to Rule 60(b) and not Rule 59.1, “it was not denied by operation of law pursuant to Rule 59.1 after 90 days had expired from the time it was filed.” Conway v. Housing Auth. of Birmingham Dist., 676 So.2d 344, 345 (Ala.Civ.App.1996). See also Rhodes v. Rhodes, 38 So.3d 54, 63 (Ala.Civ.App.2009) (“[T]he 90-day period for ruling on postjudgment motions announced in Rule 59.1, Ala. R. Civ. P., applies only to motions filed under Rules 50, 52, 55, and 59, and not those filed under Rule 60(b).”). However, even if Wallace’s motion to reconsider was a post-judgment motion filed pursuant to Rule 60, it was denied on December 27, 2010, and Wallace did not file his notice of appeal *489 within 42 days after that date.[3] Therefore, whether Wallace’s motion to reconsider constituted a postjudgment motion pursuant to Rule 59 or pursuant to Rule 60, his notice of appeal was not timely filed.
In what is apparently an attempt to avoid a determination that his appeal is untimely, Wallace argues that, because the issues presented in his claims were intertwined with the issues in IPF’s counterclaim, the trial court’s Rule 54(b) certification in this case was improper; therefore, Wallace argues, the time for filing an appeal did not start to run until all the claims in the case were disposed of by the trial court’s March 21, 2011, order dismissing IPF’s counterclaim. In Allen v. Briggs, 60 So.3d 899, 903-05 (Ala.Civ.App.2010), the Alabama Court of Civil Appeals addressed and rejected a similar contention, reasoning as follows:
“Allen first attempts to challenge the summary judgment in favor of EBMC. However, the summary judgment in favor of EBMC was expressly made a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., by the inclusion of some of the language contained in that rule in the summary-judgment order. See Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83, 87 (Ala.1985) (concluding that the statement ‘[t]he Court further finds there is no just reason for delay in the entry of said final judgment’ was sufficient to make a judgment final pursuant to Rule 54(b)); see also Schneider Nat’l Carriers, Inc. v. Tinney, 776 So.2d 753, 755 (Ala.2000) (noting that ‘if it is clear and obvious from the language used by the trial court in its order that the court intended to enter a final order pursuant to Rule 54(b), then we will treat the order as a final judgment’ even though the order may not contain all the language indicating that it is, in fact, an order directing the entry of a final judgment). Although Allen argues on appeal that a Rule 54(b) certification was not proper in this case, we have held that he is precluded from raising that issue now, because, insofar as his appeal is from the summary-judgment order, his appeal comes too late, having been filed more than 42 days after the entry of the summary-judgment order on July 31, 2009. See Lary v. Gardener, 908 So.2d 955, 957 n. 1 (Ala.Civ.App.2005) (citing Bagley v. Mazda Motor Corp., 864 So.2d 301, 316-17 (Ala.2003)); see also Ex parte King, 776 So.2d 31, 38 (Ala.2000) (Lyons, J., concurring specially) (indicating that, in Justice Lyons’s opinion, the remedy for a party who believes that a Rule 54(b) certification is defective is to ‘timely fil[e] a petition for a writ of mandamus directing the trial judge to set aside the Rule 54(b) certification, possibly as an alternative remedy sought at the same time as an appeal is taken from the order purportedly made final by the Rule 54(b) certification’).
“Despite our holding in Lary, the dissent argues that a party should be permitted to raise a challenge to a Rule 54(b) certification on appeal from a sub *490 sequently entered judgment. 60 So.3d at 908. The dissent attempts to distinguish Lary on the basis that the plaintiff in Lary did not have a valid challenge to the Rule 54(b) certification. 60 So.3d at 908. However, in Lary we did not discuss the merits of the certification issue; instead, we clearly indicated that the challenge to the Rule 54(b) certification would not be considered because the plaintiffs ‘challenges are untimely because he did not file a notice of appeal with respect to [the Rule 54(b) certification of the summary] judgment within 42 days of its entry.’ Lary, 908 So.2d at 957 n. 1.
“However, the dissent’s approach is not without support. An appellate court may raise the impropriety of a Rule 54(b) certification ex mero motu when that judgment is presented in a timely appeal. Gregory v. Ferguson, 10 So.3d 596, 597 (Ala.Civ.App.2008). The right of an appellate court to consider ex mero motu the propriety of a Rule 54(b) certification stems from its power to determine its own jurisdiction, which jurisdiction flows, in part, from the timely appeal from a final, appealable judgment. See Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361 (Ala.2004) (stating, in an opinion dismissing an appeal based on an improper use of a Rule 54(b) certification, that ‘all parties have overlooked a fundamental flaw in these appellate proceedings — the absence of an appealable judgment ’); Gregory, 10 So.3d at 597 (‘However, this court may consider [the] issue [of the appropriateness of the Rule 54(b) certification] ex mero motu because the issue whether a judgment or order is sufficiently final to support an appeal is jurisdictional.’). Thus, if a Rule 54(b) certification is determined to have been improperly entered, the judgment so certified is considered to be nonfinal and therefore unable to support an appeal. Dzwonkowski, 892 So.2d at 361. If that is the case, and an improperly certified judgment is not a final judgment because of an improper certification, why should an appellate court be precluded from considering, on appeal from the judgment resolving the remaining claim or claims, the propriety of the certification and, if the certification was improper, the propriety of the underlying interlocutory judgment?
“Our research has revealed that only two federal appellate courts have considered this precise issue and that those two courts reached opposite conclusions. See In re Lindsay, 59 F.3d 942, 951 (9th Cir.1995) (holding that ‘[a] Rule 54(b) certification, right or wrong, starts the time for appeal running1), and Page v. Preisser, 585 F.2d 336, 338 (8th Cir.1978) (holding that ‘when a district court erroneously certifies a claim as appropriate for immediate appeal under Rule 54(b), a party may raise that claim in a timely appeal from an adverse decision on the remaining claims in the lawsuit’). Although we comprehend the reasoning behind the rule announced in Page, which hinges on the idea that an erroneously certified judgment is, in fact, not a final judgment at all, Page, 585 F.2d at 338, we believe that the better course is to require that a party seeking to challenge the propriety of a Rule 54(b) certification do so in a timely appeal from the certified judgment. As explained in In re Lindsay, ‘[t]his avoids uncertainty for counsel about when to appeal.’ In re Lindsay, 59 F.3d at 951.
“Alabama law is well settled — ‘[a] judgment certified by a trial court pursuant to Rule 54(b) is a final appealable judgment^ and] the certification triggers the running of the 42-day appeal period.’ Lewis v. State, 463 So.2d 154, *491 155 (Ala.1985).[3] To allow a later appeal of a judgment certified as final pursuant to Rule 54(b) in those circumstances in which a party desires to argue that the certification was improper injects uncertainty regarding the time to appeal and the finality of judgments. If a judgment certified as final may be appealed at a later date, the prevailing party is left in limbo, uncertain whether the judgment in its favor is, in fact, final or whether it might, at the time the remaining claim or claims in the action are resolved, be rendered ineffective because the appellate court determines that the Rule 54(b) certification was improper. In addition, if a party waits to appeal the certified judgment because it believes that the certification was improperly granted, that party risks an appellate determination that the certification was, in fact, properly made, with the resulting foreclosure of the right to appeal regarding the certified judgment. See 15A Charles A. Wright et al. Federal Practice & Procedure § 3914.7 (2d ed.1992) (explaining that, typically, if a party fails to appeal from a judgment certified as final pursuant to Rule 54(b), Fed.R.Civ. P., the right to review is lost and stating that ‘a party who believes that a judgment was improperly entered would be better advised to take a protective appeal and urge that the appeal be dismissed’). We therefore reject the rule announced in Page and, consistent with Lary, embrace the holding in In re Lindsay. Thus, insofar as Allen’s appeal relates to the summary judgment entered in favor of EBMC, the appeal is dismissed.
(Footnote omitted.)
Wallace argues that he should not be bound by Allen because that case was decided several months after the Rule 54(b) certification was entered in this case. However, his argument is not well taken because this Court and the Court of Civil Appeals had applied the same reasoning in previous cases. In Lewis v. State, 463 So.2d 154, 155 (Ala.1985), this Court stated: “A judgment certified by a trial court pursuant to Rule 54(b) is a final appealable judgment; the certification triggers the running of the 42-day appeal period.”
In Bagley v. Mazda Motor Corp., 864 So.2d 301 (Ala.2003), this Court addressed a situation similar to Wallace’s as follows:
“The Bagleys’ final argument is that the trial court erred in entering a summary judgment for Creekside regarding the fraud claim. Creekside argues that the Bagleys’ appeal on this claim was untimely. We note that the trial court initially entered a summary judgment for Creekside on May 11, 1998, and specifically stated that it was certifying that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. The court amended its summary-judgment order on May 21, 1998, to clarify that the May 11 judgment covered only the fraud claim. On July 14, 1998, the trial court entered an ‘Amended Order Nunc Pro Tunc,’ again entering a partial summary judgment for Creekside on the fraud claim, and again certifying the judgment as final. Rule 54(b) states, in pertinent part:
*492 “ ‘When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’
“Rule 4, Ala. R.App. P., provides, in relevant part, that, ‘in all cases in which an appeal is permitted by law ... the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.... ’
“In opposing Creekside’s timeliness challenge, the Bagleys cite Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). In Brown, the trial court entered a summary judgment for the defendant and certified it as final pursuant to Rule 54(b), Ala. R. Civ. P. The Court of Civil Appeals held that genuine issues of material fact existed as to the plaintiffs claim. The Court of Civil Appeals went on to state:
“ ‘The trial court, in its order, should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54(b), in order that the appellate court is better equipped to review the trial court’s action....
“ ‘... Hereafter, if a trial court should fail to list the factors considered, then the case will be returned so that the trial court can list those factors.’
“681 So.2d at 229. In Schneider National Carriers, Inc. v. Tinney, 776 So.2d 753, 755 (Ala.2000), this Court expressly overruled Brown, pointing out:
“ “We held in Sho-Me [Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 (Ala.1985),] that if it is clear and obvious from the language used by the trial court in its order that the court intended to enter a final order pursuant to Rule 54(b), then we will treat the order as a final judgment. ...’
“In Schneider, we further stated that ‘[njothing in Rule 54(b) requires findings to buttress the conclusion “that there is no just reason for delay.” All that is required is an “express determination.” ’ 776 So.2d at 755-56.
“The Bagleys argue that relying on Brown they ‘took no action to appeal said Order as under the law at that time it could not be considered a final order since the Judgment merely stated that it was “a final Summary Judgment” and that there was no just reason for delay.’ However, Brown provided that if the trial court failed to list the factors considered in certifying a judgment as final pursuant to Rule 54(b), the case would be remanded for the trial court to list the factors. The approach advocated in Brown was not reasonably subject to the construction that the court’s order was not a final, appealable order because it lacked certain phraseology; in order for the case properly to be remanded, rather than the appeal’s just being dismissed, the judgment would have to be one that would support an appeal. In Ex parte Pritchett, 812 So.2d 1157 (Ala.2000), this Court discussed the effect of Brown and noted that after the decision in Brown, ‘the Court of Civil Appeals routinely remanded cases that did not meet the level of specificity required by Brown.’ 812 So.2d at 1158.
“In the present case, the 42-day period prescribed by Rule 4, Ala. R.App. P., for filing an appeal began to run on July 14, 1998, at the latest, the day the trial court entered its order nunc pro tunc, *493 which, for the second time, expressly certified the partial summary judgment in favor of Creekside as to the fraud claim as final pursuant to Rule 54(b). Even if Creekside had not pointed out the untimeliness of the appeal of that ruling, ‘[i]t is the duty of this Court to take notice of the filing date of an appeal and, if finding the appeal to be untimely, to dismiss it ex mero motu. Stewart v. Younger, 375 So.2d 428 (Ala.1979).’ Lewis v. State, 463 So.2d 154, 155 (Ala.1985). The Bagleys’ notice of appeal, filed on April 29, 2002, almost four years after the partial summary judgment was last certified as final, is untimely as to that partial summary judgment and the Bagleys’ appeal from that partial judgment is dismissed.”
Bagley, 864 So.2d at 815-17.
Also, in Lary v. Gardener, 908 So.2d 955 (Ala.Civ.App.2005), Lary sued Gardener, alleging negligence in connection with a motor-vehicle collision that damaged his vehicle. He also sued Farm Bureau, Gardener’s automobile-liability insurance carrier, alleging that it had acted in bad faith by failing to investigate the collision and to pay benefits under Gardener’s policy. Farm Bureau filed a motion to dismiss Lary’s claims against it. On June 30, 2003, the trial court entered a judgment in Farm Bureau’s favor and directed the entry of a final judgment as to all claims against Farm Bureau pursuant to Rule 54(b), Ala. R. Civ. P. On April 12, 2004, the trial court entered a summary judgment in favor of Gardener, and Lary filed a notice of appeal on May 20, 2004.
On appeal, Lary attempted to challenge the judgment in favor of Farm Bureau and the Rule 54(b) certification with regard to those claims. The Court of Civil Appeals rejected those claims as untimely, holding:
“Although Lary has asserted in his briefs to this court that that judgment, and the direction of the entry of a final judgment pursuant to Rule 54(b), were erroneous, his challenges are untimely because he did not file a notice of appeal with respect to that judgment within 42 days of its entry. See Bagley v. Mazda Motor Corp., 864 So.2d 301, 315-17 (Ala.2003) (holding that an appeal taken after the entry of a judgment disposing of all remaining claims and parties was ineffective to secure appellate review of a judgment entered pursuant to Rule 54(b) several years beforehand, despite the contention that the Rule 54(b) certification had been improper).”
Lary, 908 So.2d at 957 n. 1.
Both Bagley and Lary involved arguments that Rule 54(b) certifications were improper and invalid. Also, in both cases, the courts found that the Rule 54(b) certification could not be challenged at the conclusion of other proceedings in the case because the appeals were untimely filed. Although the decision in Allen was the first time the Court of Civil Appeals referenced In re Lindsay, 59 F.3d 942 (9th Cir.1995), it was not the first time that court had refused to hear an untimely appeal from a Rule 54(b) certification. Rather, that court’s decision in Allen was supported by its previous decision in Lary and by this Court’s decisions in Lewis and Bagley. Therefore, we reject Wallace’s argument that he should not be bound by the holding in Allen.
In the alternative, Wallace argues that the rule adopted in Allen should be overturned or modified based on the facts of this case. Wallace also argues that the Allen opinion makes it clear that there is support for his argument that an appellate court should be able to review the propriety of a Rule 54(b) certification on an appeal from a judgment resolving the remaining claims in the case, and he urges us to follow Page v. Preisser, 585 *494 F.2d 336 (8th Cir.1978), rather than In re Lindsay. Although there may be some support for a different finding, in its opinion in Allen the Court of Civil Appeals clearly and concisely explained its reasons for “rejecting] the rule announced in Page and, consistent with Lary, embracing] the holding in In re Lindsay.” 60 So.3d at 905. We agree with the Court of Civil Appeals’ analysis of the policy considerations in Allen and with the conclusion that court reached in Allen.
“The filing of a timely notice of appeal is a jurisdictional act. Lewis v. State, 463 So.2d 154, 155 (Ala.1985). ‘A judgment certified by a trial court pursuant to Rule 54(b) is a final appealable judgment; the certification triggers the running of the 42-day appeal period.’ 463 So.2d at 155.”
Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007).
“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”
Rule 2(a)(1), Ala. R.App. P. When the trial court enters a Rule 54(b) certification, there is a facially valid order from which the time for filing a notice of appeal starts to run.[4] As the United States Court of Appeals for the Ninth Circuit noted in In re Lindsay: “A Rule 54(b) determination, right or wrong, starts the time for appeal running. This avoids uncertainty for counsel about when to appeal.” 59 F.3d at 951. Any other interpretation would eviscerate Rule 54(b) and render it meaningless. Therefore, we reject Wallace’s alternative argument.

Conclusion

For the reasons set forth herein, Wallace did not timely file his notice of appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. See Rule 2(a), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”).
APPEAL DISMISSED.
MALONE, C.J., and STUART, PARKER, and MAIN, JJ., concur.
MURDOCK, J., concurs specially.
WOODALL, BOLIN, and SHAW, JJ., dissent.

. Wallace also named Kenneth Rosen, an officer or manager of one or more of the defendants, as a defendant. The trial court ultimately entered a summary judgment in favor of Rosen, and Wallace does not challenge that judgment in this appeal.

. Rule 54(b), Ala. R. Civ. P., provides, in relevant part:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”

. We recognize that Wallace filed a request for clarification of the December 27, 2010, order on February 14, 2011. However,
"[a]fter a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to 'reconsider' or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal."
Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998). Therefore, even assuming that it was timely filed, Wallace’s request for clarification did not suspend the running of the time for filing a notice of appeal from the December 27, 2010, order.

“ 30f course, the time for appeal would be suspended by a timely filed post-judgment motion directed to the certified judgment, see Rule 4(a)(8), Ala. R.App. P. (‘The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure filing a notice of appeal.’), and, therefore, in those circumstances, the time for appeal would expire upon the grant or denial of the postjudgment motion.”

. We note, as did the Court of Civil Appeals in Allen, 60 So.3d at 904 n. 3:
“Of course, the time for appeal would be suspended by a timely filed postjudgment motion directed to the certified judgment, see Rule 4(a)(3), Ala. R.App. P. (‘The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ... shall suspend the running of the time for filing a notice of appeal.’), and, therefore, in those circumstances, the time for appeal would expire upon the grant or denial of the post-judgment motion."