MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write specially to address the concerns expressed by Justice Shaw in his special writing in this case, a writing in which to some extent he reiterates the views he expressed in his dissenting opinion in Wallace v. Belleview, 120 So.3d 485 (Ala.2012). In general, I believe these views are fully addressed by this Court’s correctly reasoned decision in Wallace and by my special writing in that case, Wallace, 120 So.3d at 494-501 (Murdock, J., concurring specially). Although I refer the reader to those writings for a more thorough discussion of the issue, I take this opportunity to reaffirm the views expressed therein and to specifically address Justice Shaw’s concerns as framed in the present case.
I disagree with the view expressed by Justice Shaw in his special writing in the present case that this case “illustrates an anomaly” under our current caselaw regarding appeals of judgments certified as final under Rule 54(b), Ala. R. Civ. P. 147 So.3d at 915. In the same vein, unlike Justice Shaw, I do not believe “that this Court’s rationale in the recent decision of Wallace v. Belleview ... calls ... into question,” 147 So.3d at 915, the innumerable cases in which an otherwise timely appeal of a judgment certified by the trial court as final under Rule 54(b) has been dismissed or remanded, even ex mero motu, because of an impropriety in the Rule 54(b) certification.
Justice Shaw sees an inconsistency between our “practice” in the latter cases, including, for example, Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 356 (Ala.2004), and the holding of this Court in Wallace. As a predicate for this asserted inconsistency, he paraphrases the holding in Dzwonkowski as follows: “An improper Rule 54(b) certification ... does not render a nonfinal judgment appealable and does not confer jurisdiction on this Court.” 147 So.3d at 915. Justice Shaw then goes on to discuss a perceived conflict in our recognition in cases such as Dzwonkowski of the impropriety of the Rule 54(b) certification and our decision in Wallace, where we declined to disturb a Rule 54(b) certification of the trial court. This view overlooks an essential fact. In Dzwonkowski and so many other similar cases, the Rule 54(b) certification itself was timely brought within the jurisdiction and reach of this Court when the underlying judgment upon which it purported to operate was appealed to this Court in a timely manner.
Put differently, I believe the perceived conflict framed in Justice Shaw’s special writing fails to take account of the fact that unless the trial court’s separate Rule 54(b) order — which itself is in the nature of a final trial court order, Wallace, 120 So.3d at 496-97 (Murdock, J., concurring specially) — is disturbed by an appellate court, that order is entitled to full force and effect. Unless that separate Rule 54(b) order is, itself, brought within the jurisdiction of an appellate court as part of a timely appeal, the appellate court has no way to reach that order before it becomes final. This is what happened in Wallace. It did not happen in Dzwonkowski and similar cases because the Rule 54(b) order timely was brought within the reach of the appellate court when the underlying judgments in those cases were timely appealed.
Justice Shaw also posits that we cannot consistently consider there to have been a *915 “waiver” of the issue of the propriety of the Rule 54(b) certification in Wallace while not considering a party’s failure to affirmatively argue the propriety of a Rule 54(b) certification in an appellate brief as a waiver of the issue. The problem in Wallace, however, was not a “waiver” problem, it was a fmality-of-the-underlying-judgement problem, accompanied by a finality-of-the-Rule-54(b)-certification problem, resulting from the aggrieved party’s failure to timely appeal the underlying judgment.
Finally, our holding in Wallace ensures the critical, general coexistence of the condition of finality of a judgment for purposes of appeal and for purposes of execution. Wallace, 120 So.3d at 500-01 (Mur-dock, J., concurring specially).
Because of the different procedural posture in which the Rule 54(b) question reaches the Court in the line of cases represented by Dzwonkowski and in the present case and the posture in which that question reached the Court in Wallace, I do not believe the instant decision calls into question the rationale in Wallace.