SHAW, Justice
(concurring specially).
This case illustrates an anomaly under our current caselaw regarding appeals of judgments certified as final under Rule 54(b), Ala. R. Civ. P.
Except as otherwise provided by law, appeals lie only from final judgments, and this Court has no jurisdiction to hear an appeal from a nonfinal judgment. Crutcher v. Williams, 12 So.3d 631, 636 (Ala.2008); Gilbert v. Nicholson, 845 So.2d 785, 790 (Ala.2002). A proper certification under Rule 54(b), Ala. R. Civ. P., will deem an otherwise nonfinal judgment as “final” for purposes of appellate jurisdiction. Sparks v. City of Florence, 936 So.2d 508, 512 (Ala.2006). An improper Rule 54(b) certification, however, does not render a nonfinal judgment appealable and does not confer jurisdiction on this Court. Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 362 (Ala.2004). Thus, in the past, as the main opinion notes, we have recognized ineffective Rule 54(b) certifications ex mero motu. North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342 (Ala.2008). However, I believe that this Court’s rationale in the recent decision in Wallace v. Belleview, 120 So.3d 485 (Ala.2012), calls this practice into question.
In Wallace, the trial court, in January 2010, entered a summary judgment in favor of the defendants on the plaintiffs claims. A counterclaim of the defendants remained pending; thus, the summary-judgment was not a “final” judgment and thus not appealable. However, the trial court certified the summary judgment as final under Rule 54(b). The plaintiff did not appeal from the summary judgment.
Subsequently, in March 2011, the trial court dismissed the remaining claims in that case, which dismissal was a final, ap-pealable judgment. The plaintiff appealed, challenging the January 2010 summary judgment. The plaintiff contended that the Rule 54(b) certification of that summary judgment was improper; if that was true, had the plaintiff immediately appealed from that judgment, this Court would have — as we are doing in the instant case — ex mero motu recognized that deficiency and dismissed the appeal without addressing the merits of the plaintiffs arguments. Thus, the plaintiff contended that the propriety of the January 2010 judgment was properly before this Court.
We declined, however, to address whether the January 2010 judgment was properly certified as final. The Court essentially held that, in order to recognize that a Rule 54(b) certification was improper, ineffective, and conferred no appellate jurisdiction, the nonmovant was required to file an appeal within 42 days from the improper *916 Rule 54(b) certification of that judgment. Whether the failure to do so is designated as a waiver, as estoppel, or as simply the failure to act, this Court would not consider the propriety of the Rule 54(b) certification. As I explained in my dissent in Wallace, I believe that that holding was inconsistent with the notion that the finality of a judgment is a jurisdictional issue that can be recognized at any time.
To be consistent with Wallace, this Court should hold that any failure of the nonmovant to act to properly challenge the Rule 54(b) certification — not just the failure to appeal — should bar a challenge. Logically, if by failing to appeal the improper certification a party forgoes the opportunity to challenge the propriety of the Rule 54(b) certification, then the party should also forgo the challenge by failing to raise the issue. In other words, if the failure to act in challenging the certification by filing an appeal means that the issue is waived or that it will not be addressed by this Court, then failure to act by raising the issue in one’s brief should also mean that the issue is waived or will not be addressed by this Court.
I dissented in Wallace, and I believe that the rationale of the majority opinion is in full accord with that dissent. Wallace may be distinguishable from this case because of its procedural posture; nevertheless, today’s opinion sub silentio calls into question the rationale of Wallace.
BRYAN, J., concurs.