MURDOCK, Justice
(dissenting).
I believe we are providing mandamus relief based on a faulty premise as framed in the main opinion: “LERETA[, LLC,] is currently faced with defending against collection proceedings related to a nonfinal judgment as to which it has no present right to appeal.” 226 So. 3d at 143. That situation simply cannot be. Because the judgment against LERETA does not adjudicate all claims against all parties and has not been certified as final by the Colbert Circuit Court under Rule 54(b), Ala. R. Civ. P., it is not a final judgment for purposes of appeal (indeed, the circuit court is free to alter or rescind the default judgment under Rule 54, Ala. R. Civ. P.), by definition it is not a final judgment for purposes of execution. Finality for purposes of execution and appeal is the same. One cannot be subject to execution of a judgment without having the full due-process right of an appeal of that judgment. Not only is this conclusion intuitively and logically correct, it is also rooted in the language of Rule 54(a), Ala. R. Civ. P., which defines a “judgment” as simply “a decree or any order from which an appeal lies.” (Emphasis added.) If no appeal lies, then there is no “judgment” for execution.[3]
*147 LERETA -will have an adequate remedy by appeal, if and when the judgment against it is made final. LERETA will say, of course, that the remedy of an appeal is not “adequate” because of the imminent collection efforts. But again, the judgment against LERETA is not final—Fronia Warhurst has no “judgment” upon which she properly may execute at the present time. LERETA’s proper interlocutory remedy, in other words, is to seek mandamus relief to stop the collection efforts on a nonfinal judgment. But it has not requested such relief in this case.[4]

. Compare Wallace v. Belleview Props. Corp., 120 So.3d 485, 500-01 (Ala. 2012) (Murdock, J., concurring specially):
"[I]t is important to acknowledge the synonymous nature of the finality of a Rule 54(b) judgment for purposes of execution and for purposes of appeal. The purposes and effects of a Rule 54(b) certification necessarily mean that an order certified as final under Rule 54(b) is final for all the same purposes as any other judgment and, accordingly, must be viewed as being 'as final' as any other final judgment. 10 Charles Alan. Wright et ah, Federal Practice and Procedure § 2654 (3d ed. 1998), for example, states that 'Rule 54(b) also is important because of the collateral effects of a determination under the rule.' ... As further explained in Federal Practice and Procedure:
“ ‘Because Rule 54(b) provides a means of rendering a final judgment on part of a multiple-claim or multiple-party action, it has an effect on various other rules or procedures connected with the rendition of judgment. For example, as was stated earlier, once there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run. Similarly, preclusion principles are based on a final judgment so that since a Rule 54(b) order is viewed as final, it has binding effect. On the other hand, if no certificate issues, the court’s decision or order remains interlocutory and the above effects will not take place.
" 'Other matters that should be noted in relation to the entry of a judgment under Rule 54(b) are that it enables a lien to be imposed on the judgment debtor's property and a writ of execution to be issued to begin the process of collecting any damage[s] award. Section 1962 of Title 28 provides that every district-court judgment shall be a lien on the property in the state in which the court is sitting, in accordance with the law of that state; state law commonly requires a judgment to be final in order to create a lien.
'.' 'Another effect of a Rule 54(b) order is on the accrual of interest on a judgment, since interest begins to accumulate only on a judgment that has become final.'
"10 Federal Practice and Procedure § 2661. Professor Moore likewise explains that a judgment certified as final under Rule 54(b) is a final judgment 'for all purposes,' specifically emphasizing its finality for purposes of the 'running of time to appeal,' as well as for purposes of 'res judi-cata,’ the accrual of Interest and 'execution.' See Moore's Federal Practice § 54.26 Cl]—[43. See also Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 728 (D.C. Cir. 1969)('[T]he role Rule 54(b) plays with reference to the finality of a judgment for *147 purposes of appeal has implications as regards its finality for purposes of execution as well.' (footnote omitted)).
"The latter authorities, including the opinion of the United States Court of Appeals for the District of Columbia in Red-ding, point to the absolute unworkability— ‘chaos’ would be the right word in many cases—of a scenario where a judgment as to a claim is certified as final and execution ensues (so that a money judgment is collected or a judgment deed to land is delivered), only to have the losing party decide years later that he or she should not so readily have acquiesced in the certified judgment and therefore choose to appeal an already executed judgment along with the judgment entered on the remainder of the claims in the case. A judgment is either final or it is not. The law does not have two types of finality, one brand of finality for purposes of being able to execute upon a judgment and another brand of finality for purposes of appealability. Finality for purposes of appeal and for purposes of execution are the same. 'Enforcement of a judgment by execution ... presupposes a judgment which determines with finality the rights and liabilities of the parties.' 30 Am. Jur. 2d Executions, Etc, § 57 (2005). See also, e.g., 2 Federal Procedure, Lawyer Edition § 3:133 ('Since an execution ordinarily issues only a final judgment, finality for purposes of execution and finality for purposes of appeal should be the same.').”
(Footnote omitted; emphasis omitted; emphasis added.)

. I also believe that the circumstances of Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 897 (Ala. 2005), cited in the main opinion, are distinguishable from those of the present case (a fact suggested by Justice Lyons in his special writing in that case concurring in part and concurring in the result in part). I further believe that the substantive analysis offered by Justice Lyons (joined by Justice Johnstone), as well as the similar position expressed by Justice Woodall in his dissenting opinion in that case, is correct.