Rel: October 4, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0697
_____

## Andrea Murphy

## v.

## The Electric Board of the City of Russellville; Darren S. Woodruff, individually and as chairman of the Electric Board of the City of Russellville; Charles R. Canida, individually and as chief executive officer of the Electric Board of the City of Russellville; and Joan Pace, Jerry McDuffa, Dexter Hamilton, and Bill Jackson, individually and as members of the Electric Board of the City of Russellville

## Appeal from Franklin Circuit Court
## (CV-17-900080)

SC-2023-0697

SHAW, Justice.

AFFIRMED. NO OPINION.

See Rule 53(a)(1) and (a)(2)(F), Ala. R. App. P.

Parker, C.J., and Wise, Bryan, Sellers, Mendheim, Stewart, and Cook, JJ., concur.

Mitchell, J., concurs in part and dissents in part, with opinion.

2

MITCHELL, Justice (concurring in part and dissenting in part).

I agree that we should affirm the Franklin Circuit Court's summary judgment on Andrea Murphy's defamation claims. But Murphy also purports to appeal the trial court's order dismissing her due-process, breach-of-contract, negligence, wantonness, wrongful-termination, and civil-conspiracy claims. Her appeal of the order dismissing those claims is untimely. Therefore, I dissent from affirming that aspect of the trial court's rulings, and I would instead dismiss her appeal in part.

Facts and Procedural History

The Electric Board of the City of Russellville ("the Board") hired Murphy as an accountant in 2006. Later, Murphy rose to become the Board's Chief Financial Officer ("CFO"). During Murphy's tenure as CFO, the Board provided her with an employee handbook ("the Handbook"). The Handbook stipulated that employees could be terminated only for "cause" and were entitled to a pretermination process. But the Board fired Murphy in 2015, allegedly without either cause or process. The reason for her termination remains unclear.

Murphy, a member of the International Brotherhood of Electrical Workers ("the IBEW"), attempted to vindicate her alleged right to process

under the Handbook. The Board refused. Murphy then sued the Board and several of its members in both their individual and official capacities. Murphy's complaint raised the following claims: (1) violation of due process under Alabama law, (2) breach of a contract between the IBEW and the Board under a third-party-beneficiary theory, (3) negligence or wantonness, (4) wrongful termination, (5) defamation, and (6) civil conspiracy.

The Board filed a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P. In May 2021, the trial court entered an order dismissing most of Murphy's pending claims, leaving only her defamation claims remaining. Murphy asked the court to certify that order as final under Rule 54, Ala. R. Civ. P. She also asked the trial court to certify two questions of law related to the dismissed claims for interlocutory appeal. The court granted both motions on May 25, 2021.

Murphy sought permission to raise the certified questions on interlocutory appeal under Rule 5, Ala. R. App. P. This Court unanimously denied her petition to do so in August 2021. Murphy did not, at that time, bring an appeal of right from the trial court's dismissal order certified as final under Rule 54(b).

4

Two years later, the trial court entered summary judgment in favor of the defendants on the remaining defamation claims. At that time, Murphy again asked the trial court to certify as "final" its prior 2021 order dismissing the other claims. The trial court then entered an order on August 17, 2023, stating: "The Court hereby certifies as final for appeal purposes this ORDER and the ORDER of DISMISSAL of the other counts dated May 17, 2021." (Capitalization in original.) Murphy appealed.

## Analysis

I concur in affirming the trial court's summary judgment on Murphy's defamation claims. In fact, it is not clear that Murphy even intended to appeal the summary judgment on those claims. If she did, however, then she abandoned that appeal by not mentioning those claims in her brief. See Rule 28(a)(10), Ala. R. App. P.; Lay v. Destafino, 385 So. 3d 15, 23 (Ala. 2023). And when an appellant fails to raise an issue on appeal, she forfeits that argument. Ex parte Drury Hotels Co., 303 So. 3d 1188, 1193 (Ala. 2020). As a result, the majority is correct to affirm the summary judgment on the defamation claims. See State v. Epic Tech, LLC, 378 So. 3d 467, 487 (Ala. 2022).

5

I write separately to dissent from affirming the trial court's order dismissing Murphy's other claims. Murphy's appeal of that order is untimely, and, as such, we do not have jurisdiction to hear her appeal. Consequently, we are required to dismiss her appeal, and it is beyond our authority to affirm the trial court's ruling on those claims. See Rule 2(a)(1), Ala. R. App. P.; Wynlake Residential Ass'n v. Hulsey, 358 So. 3d 387, 391 (Ala. 2021) (noting that when a defendant's "notice of appeal [is] untimely, we lack jurisdiction and must dismiss the appeal").

The trial court entered an order dismissing Murphy's due-process, breach-of-contract, negligence, wantonness, wrongful-termination, and civil-conspiracy claims in May 2021. Shortly thereafter, the trial court certified that order as final under Rule 54(b). In accordance with Rule 4, Ala. R. App. P., Murphy was required to file a notice of appeal within 42 days of that certification. But she did not file her notice of appeal until September 2023 -- well after the allotted 42 days had lapsed, rendering her claims defunct.

Murphy cannot resurrect those claims simply by asking the trial court for a new certification of finality. Wallace v. Belleview Props. Corp., 120 So. 3d 485, 496 (Ala. 2012) (Murdock, J., concurring specially) (noting

6

that "'an aggrieved party must appeal a Rule 54(b) judgment within the time permitted by Appellate Rule 4(a) and <u>may not seek review of the judgment after the remaining claims have been adjudicated</u>'" (citation omitted)).  This would "eviscerate Rule 54(b) and render it meaningless." <u>Id.</u> at 494.  Accordingly, we lack jurisdiction to hear Murphy's appeal of the dismissal order that the trial court rendered final in May 2021, and we are obligated to dismiss that aspect of her appeal.  For that reason, I respectfully dissent from affirming the May 2021 order.